IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Audelia A. Stoutamire | : | Bankruptcy Case No. 19-24371-TPA |
| *Debtor(s)* | : | Chapter 13 |

# PLAN CONFIRMATION ORDER

AND NOW, this **[enter day]** of **[enter month]**, 202**[enter year]**, it is hereby **ORDERED, ADJUDGED and DECREED**, with the consent of all the Parties in attendance, as follows:

**A**     The Chapter 13 Plan dated **February 2, 2022**, except as modified herein as numbered, below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court.

   **1.**     For the remainder of the Plan term, the periodic Plan payment is to be **$1,817.00** as of **March, 2022**. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order. (A2)

   **2.**     The secured claim(s) of the following Creditor(s) shall govern as to the claim amount and paid at the modified plan terms: **Ally Financial Cl. #9**. (B9)

   **3.**     The Debtor's student loan with **US Dept. EDU-NELNET** is to be specially classified and paid in the amount of **$199.59** per month as long term continuing debt subject to the following payment terms. (a) The proposed monthly payment for specially classified claims in the Plan (which claims are to be treated as long term continuing debt) is to be held on reserve until payments begin to Part 5.1 Unsecured Creditors (which will be no later than the completion of payment of all priority creditors (if any)); (b) At the commencement of distributions to the specially classified and Part 5.1 Unsecured Creditors (collectively the "Unsecured Classes") the amount available for distribution (which includes the full amount reserved for the specially classified claims) shall be pro-rated between the Unsecured Classes (which proration shall be calculated on the total projected amount to be paid to each class during the plan term); and, (c) In the event of a dismissal of the case, the Trustee's balance on hand shall not be refunded to the Debtor but shall, instead, be distributed to the Unsecured Classes consistent with the foregoing proration formula. (E52)

   **4.**     *Peoples Natural Gas Company* is to be paid per Order dated **11/4/21** at Doc **82**. (D34)

**B**     ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED***:

   **1.**     **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may only disburse funds pursuant to this confirmation order upon expiration of the foregoing twenty-eight (28) day period.

   **2.**     **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

   **3.**     **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims

within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

    **4.**    **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days after the claims bar date.

    **5.**    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**C**    *IT IS FURTHER ORDERED THAT:*

    **1.**    Plan terms are subject to the resolution of: timely but yet to be filed claims including government claims; all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

    **2**.    Following payment of allowed secured and priority claims the allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

    **3.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

    **4.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

    **5.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

    **6.**    Debtor(s) shall file an Amended Schedule I and/or J in the event of:

      (a) Household income increases by 10% or more over most the recently filed Schedule I, because of new employment, promotion, or otherwise.

      (b) A reduction in payroll withholding (including any Domestic Support Obligation and retirement loan(s) repayments), or a 10% or more reduction of any line item expense on Schedule J.

      (c) Any indicated increase in disposable income as a result of an increase in income or decrease in payroll withholding or Schedule J expense (and the fund created for the benefit of general Unsecured Creditors) is retroactive to the date of the payoff of the obligation, decrease in expense, or increase in household income.

    **7.**    Debtor(s) shall provide Trustee annual tax returns and statements of income and expenses, in accordance with Section 521(f) and (g), and shall file an amended plan reflecting any increase in disposable income retroactive to date of increase.

    **8.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

    **9.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without

further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

10. In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

11. Any prior Confirmation Order entered in this matter is *VACATED*.

_____
Thomas P. Agresti
United States Bankruptcy Judge

cc: All Parties in interest to be served by Clerk in seven (7) days

Revised 7/26/2021